# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| FACTORY 2-U STORES, INC. a/k/a FACTORY 2-U, f/a/k/a GENERAL TEXTILES, INC., f/a/k/a GENERAL TEXTILES, f/a/k/a FAMILY BARGAIN CORPORATION, f/a/k/a FAMILY BARGAIN CENTER, | Case No. 04-10111 (PJW) |
| Debtor. | |
| JEOFFREY L. BURTCH, CHAPTER 7 TRUSTEE, | |
| Plaintiff, | Adversary Proceeding No. 05-30384 (KJC) |
| v. | |
| STYLISH MOVE SPORTSWEAR INC., MANU MANGLANI, AND HARRY MANGLANI | |
| Defendants. | |

## MEMORANDUM[1]

**BY: KEVIN J. CAREY, UNITED STATES BANKRUPTCY JUDGE**

On January 13, 2004 (the "Petition Date"), Factory 2-U Stores, Inc., et al. (collectively, the "Debtors") filed a voluntary chapter 11 bankruptcy petition. On December 2, 2005, the Debtors commenced this adversary proceeding by filing a complaint to avoid transfers pursuant to 11 U.S.C. § 547 and to recover property pursuant to 11 U.S.C. § 550. The Trustee sought to recover three transfers allegedly made during the preference period by the Debtors to Stylish Move

---

[1]This Memorandum constitutes the findings of fact and conclusions of law, as required by Fed.R.Bankr.P. 7052. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). Venue is proper pursuant to 28 U.S.C. § 1409. This adversary proceeding involves a core matter pursuant to 28 U.S.C. § 157(b)(2)(F).

Sportswear, Inc. ("Stylish Move"), totaling $110,799.00.

Defendants Harry Manglani and Manu Manglani ("the Manglanis") have moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, made applicable by Rule 7056 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, the Manglanis' Motion will be granted.

## FACTS

The following facts are largely undisputed and are taken from the pleadings and affidavits filed by the parties.

### *The Transfers*

As of the Petition Date, the Debtors operated a chain of off-price retail stores, selling casual apparel as well as household merchandise. The Debtors ordered their products from a number of wholesale distributors, including Stylish Move. Between August 6, 2003 and October 7, 2003, the Debtors placed seven orders for women's sportswear with Stylish Move. On all seven invoices, Stylish Move listed its Data Universal Numbering System ("DUNS") number as 13-191-1232.[2] The Debtors issued three separate checks (the "Transfers") in payment of the orders between October 10, 2003 and November 18, 2003, during the preference period. All of the checks were made payable "Softwear/ Stylish Move Sportswear"; two checks were delivered to P.O. Box 89, New York, NY 10018 and one check was sent to 1411 Broadway Suite 423, New York, NY 10018. The checks were deposited into an account at Atlantic Bank registered to Stylish Move. The account was closed on February 26, 2004.

---

[2] Dun & Bradstreet (D&B) created the DUNS numbering system to provide companies with a unique nine-digit number that is used to identify business entities. *See* http://eupdate.dnb.com/faq.html#17. Many organizations, including the United States government, require a company to have a DUNS number in order to do business with them. D&B also uses the DUNS number when a company purchases other services from D&B, such as establishing a D&B credit file. *Id.* The significance of use of this number by Stylish Move is described below.

### *The Manglanis*

Upon investigation, the Trustee discovered that the DUNS number appearing on the Stylish Move invoices had been assigned to Whistles, Inc., a New York corporation in the business of wholesale women's sportswear distribution, managed by the Manglanis. The Manglanis admit that they allowed an immediate family member to use Whistles Inc.'s offices and phones to conduct business as Stylish Move during the time period relevant to this proceeding. In their affidavits, the Manglanis state that they were neither involved with the business operations of Stylish Move nor had any information about the account with Atlantic Bank. The Manglanis assert, however, that the undisclosed family member was not authorized to use Whistles Inc.'s DUNS number.

### *Stylish Move*

Stylish Move was incorporated in New York in 1992, assigned DUNS number 13-272-0728, but was dissolved in 1996. Stylish Move's DUNS records list Howard Pursnani as President and Kanaya Manglani as Vice President. The DUNS records further indicate that Stylish Move was in the business of wholesale women's clothing distribution. Although it is unclear precisely who was doing business as Stylish Move in 2003, the Debtor's records indicate that it exchanged correspondence with a person named Vinny Caccesse. The Manglanis contend, and the Trustee does not deny, that Mr. Caccesse was not a Whistles, Inc. employee.

### **STANDARD - SUMMARY JUDGMENT**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c), made applicable to this adversary proceeding by Fed. R. Bankr. P.

7056. In a motion for summary judgment, the moving party "always bears the initial responsibility of informing the...court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

Once the moving party has made a proper motion for summary judgment, the burden shifts to the non-moving party, pursuant to Rule 56(e), which states, "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Fed R. Civ. P. 56(e); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). The party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586.

Before a court will find that a dispute about a material fact is genuine, there must be sufficient evidence upon which a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The court must view the facts and draw inferences in a light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255, 106 S. Ct. at 2513-14. "[W]here the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Pastore v. Bell Tel. Co.*, 24 F.3d 508, 512 (3d Cir. 1994). It is not the role of the judge to weigh the evidence or to evaluate its credibility, but to determine "whether there is a genuine issue for trial." *Anderson*

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Summary judgment is inappropriate when a case will turn on credibility determinations. *El v. SEPTA*, 479 F.3d 232 (3d Cir. 2007).

## DISCUSSION

Bankruptcy Code Section 547(b) allows a trustee to avoid a transfer made (1) for the benefit of a creditor, (2) for an antecedent debt, (3) made while the debtor was insolvent, (4) in the 90 days preceding the commencement of the case, and (5) which enables the creditor to receive more than he or she would under the provisions of the Bankruptcy Code. 11 U.S.C. §547(b). If a transfer is avoidable, the trustee may recover the property from the initial transferee or any immediate or mediate transferee of the initial transferee. 11 U.S.C. § 550.

The Manglanis assert that they are entitled to summary judgment because the Trustee has failed to demonstrate that the Manglanis were a transferee of the Transfers. The Trustee contends that a genuine issue of material fact as to whether the Manglanis were transferees arises from the following: (1) Stylish Move's use of Whistles, Inc.'s facilities, (2) Stylish Move's use of Whistles Inc.'s DUNS number, and (3) the familial relationship between the Manglanis and the individual operating Stylish Move.

The term "transferee" is not defined in the Bankruptcy Code and there is no legislative history to assist in determining its meaning. *Bonded Financial Serv., Inc. v. European American Bank*, 838 F.2d 890, 893 (7th Cir. 1988). The test for determining whether a party is a transferee for purposes of §550, which has been accepted by a number of courts,[3] was set forth by the Seventh Circuit Court of Appeals in *Bonded Financial* as follows: "[W]e think the minimum

---

[3] Courts faced with similar facts "uniformly" follow the Seventh Circuit's test in *Bonded Financial. Richardson v. I.R.S. (In re Anton Noll, Inc.)*, 277 B.R. 875, 879 (1st Cir. BAP 2002) (collecting cases).

requirement of status as a 'transferee' is dominion over the money or other asset, the right to put the money to one's own purposes." *Bonded Financial*, 838 F.2d at 893. "[A] transferee must have the legal right to use the funds to whatever purpose he or she wishes, be it to invest in 'lottery tickets or uranium stocks.'" *Anton Noll*, 277 B.R. at 879 *quoting Bonded Financial*, 838 F.2d at 894. Bankruptcy Courts in this district have relied upon the *Bonded Financial* test. *See, e.g., Broadway Advisors, LLC v. Hipro Electronics, Inc. (In re Gruppo Antico, Inc.)*, 359 B.R. 578, 585 (Bankr.D.Del. 2007) *citing Argus Management Group v. GAB Robins, Inc. (In re CVEO Corp.)*, 327 B.R. 210,215 (Bankr.D.Del. 2005).

The facts cited by the Trustee do not raise an issue of material fact about whether the Manglanis had dominion or control over the Transfers. First, the Trustee failed to present any evidence indicating that the Manglanis controlled Stylish Move's business, i.e., whether they had access to Stylish Move's bank account, hired or directed Stylish Move's employees, or managed Stylish Move's business transactions.

Second, Stylish Move's use of Whistles Inc.'s DUNS number is insufficient evidence of dominion. Moreover, the evidence in this record indicates that any use was without the Manglanis' authorization.

Third, the Trustee argues that the family relationship between the Manglanis and the person who originally operated Stylish Move raises an issue of material fact about whether the Manglanis controlled Stylish Move. Whether the Manglanis may have helped Stylish Move in some way is not in dispute - - rather, the question is whether the Manglanis exercised dominion and control over Stylish Move and the Transfers. While there may be circumstances under which family relationships may legitimately give rise to certain inferences, there is nothing in this record upon which the Court may rely to infer that the family relationship described here evidences any

untoward behavior by the individual defendants.

Neither the individual facts cited by the Trustee, nor the combination of these facts, provide any basis for concluding that the Manglanis exercised dominion or control over Stylish Move or the Transfers. The Manglanis, therefore, are entitled to Summary Judgment.

An appropriate Order follows.

BY THE COURT:

_____
KEVIN J. CAREY
UNITED STATES BANKRUPTCY COURT

Dated: September 11, 2007